**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

```
American Hospital Service        :
Group, INC                       :
3OO N. Pottstown Pike            :
Suite 250                        :
Exton, PA 19341                  :
                    Plaintiff,:
                                 :    CIVIL ACTION
          vs.                    :
                                 :
ST. PAUL FIRE & MARINE INSURANCE :
COMPANY                          :
385 Washington Street            :    NO: 02-CV-4014
St. Paul, MN 55102-1396          :
                                 :
                    Defendant.:
```

---

**RESPONSE TO NOTICE OF REMOVAL**

**TO THE HONORABLE SAID JUDGE**

The Respondent, American Hospital service Group, Inc responds to this Notice of Removal as follows:

1. Admitted.

2. Admitted.

3. Admitted in part. Denied in part. It is admitted that a copy was facsimiled to defendant's counsel on May 21, 2002. This denied that not until May 24, 2002 was a time stamped copy forwarded to defendant's counsel.

4. Denied. It is denied the amount in controversy exceeds $75,000.00. The cover sheet for the writ of summons specifically states the this case is an Arbitration case **being under** $75,000.00 with a Hearing scheduled for November 8, 2002. A copy is attached hereto as Exhibit "A".

5.   Admitted.

6.    6.   Admitted in part. Denied in part.

A.   It is admitted that compensatory damages are in the amount of $9,085.

B. It is specifically denied that the amount in controversy includes the artificial pricing of a tail in the amount of $135,099. Defendant has terminated the policy and therefore, the defendant pricing alleged is not an amount in controversy, as there is no policy for the year 2005. Further, that premium cost is an earned price for the year 2005, and has no bearing on the cost or price of a tail in the year 2001.

C. It is specifically denied that the premium rate filing or the lack of rate filing defendant has made with the Insurance Department of the Commonwealth of Pennsylvania is an amount in controversy in this matter. The defendant if licensed and admitted as an insurance company in the Commonwealth of Pennsylvania and is subject to the penalties and fines that would be imposed by the Insurance Department for failure to file a proper rating schedule. Defendant cannot impose any fines or penalties for failure to file a proper rating schedule. The amount in controversy cannot include fines, penalties or other payments that may be due to the Commonwealth of Pennsylvania as a result of Defendant's failure to file proper documentation with the Insurance Department.

D. It is specifically denied that the premium rate

filing or the lack of rate filing by the Defendant is an amount in controversy in this matter, specifically $5,353.00. The amount is the difference between the claimed amount and the $5,353.00. The defendant if licensed and admitted as an insurance company in the Commonwealth of Pennsylvania is subject to the penalties and fines that would be imposed by the Insurance Department for failure to file a proper rating schedule. The amount of controversy cannot include fines, penalties or other payments that may be due to the Commonwealth of Pennsylvania as a result of their failure to file proper documentation with the Insurance Department.

       E. Admitted.

       F. It is admitted that Mona K. Hicks attempted to charge $10,216 as a step down charge in direct violation of the insurance contract.

       E.(#2) It is admitted that Plaintiff has had to incur additional losses, however, these losses combined with the amounts in controversy do not exceed the sum of $75,000 and are clearly listed in the complaint.  In summary the amounts in controversy do not exceed the sum of $75,000.

    7.  Admitted in part. Denied in part.  It admitted to the extent that the Third circuit law speaks for itself.  It is denied that any legal certainty has been shown it this Notice of Removal.

    8.  Denied.  It is denied the amount in controversy exceeds

$75,000.00.  The cover sheet for the writ of summons specifically states the this case is an Arbitration case **being under** $75,000.00 with a Hearing scheduled for November 8, 2002.  A copy is attached hereto as Exhibit "A".  In addition, see plaintiffs complaint in this matter.  A copy is attached as exhibit "B".

9   Denied.  The complaint and cover from Chester county speak for themselves.

10.   Denied.  It is denied the amount in controversy exceeds $75,000.00.  The cover sheet for the writ of summons specifically states the this case is an Arbitration case **being under** $75,000.00 with a Hearing scheduled for November 8, 2002.  A copy is attached hereto as Exhibit "A".  In addition, see plaintiffs complaint in this matter.  A copy is attached as exhibit "B".

11. Admitted in part.  Denied in part.  It is admitted that the Defendant is not a citizen of the Commonwealth of Pennsylvania.  It is denied that removal is proper in the amount in controversy does not exceed $75,000.00 as proven in exhibit "A" and "B".

12.   Denied. Plaintiff/Respondent to this motion, is unaware if this motion was timely filed.

13.   Denied.  As this paragraph is unintelligible as written.  In addition, this is a conclusion of law.

14.   Denied.  A facsimile copy was sent to plaintiff but plaintiff's counsel is unaware if this was notice was properly filed.

15.  Denied.  Plaintiff's counsel is unaware if true and correct time stamped copy was filed with the Chester County Prothonotary

WHEREFORE, Plaintiff respectfully request that this Notice of Removal be denied.

JOHNSTON & ASSOCIATES, P.C.

BY:_____
MARK E. JOHNSTON, ESQUIRE
ID NO. 61248
ATTORNEY FOR PLAINTIFF
518 Kimberton Road, #301
Phoenixville,  PA  19460
(610)608-5524

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| American Hospital Service Group, INC | : | |
| 3OO N. Pottstown Pike | : | |
| Suite 250 | : | |
| Exton, PA 19341 | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| vs. | : | |
| | : | |
| ST. PAUL FIRE & MARINE INSURANCE COMPANY | : | |
| 385 Washington Street | : | NO: 02-CV-4014 |
| St. Paul, MN 55102-1396 | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OF LAW IN OPPOSITION TO AND
## RESPONSE TO NOTICE OF REMOVAL

### I.  STATEMENT OF FACTS

Plaintiff as listed on the complaint is a corporation, with a primary business location of 300 N. Pottstown Pike, Exton, Pennsylvania.  Defendant is a Minnesota corporation with a

business address 385 Washington Street, St. Paul, Minnesota.   A
Writ of Summons was filed on March 22, 2002 with a mandatory
Chester County Court cover sheet stating that this case is a
Chester County Court arbitration case being under $50,000.00.
Service was effectuated on March 25, 2002.  The complaint was
sent to defendant's counsel on sent May 22, 2002.  Therefore, one
part of possible diversity may be claimed.  The complaint states
all damages in the complaint are under $50,000.00.

**II.  ARGUMENT**

     The test for determining whether the amount in controversy
requirement is satisfied is known as the legal certainty test.
To justify same, it must appear to a legal certainty that
plaintiff's claim is for more than the statutory amount.  St.
Paul Mercury Indemnity Company v. Red Cab Company, 303US 283,
288-289, 58 S.Ct 586, 82 L.Ed. 845 (1938)  A Writ of Summons was
filed on March 22, 2002 with a mandatory Chester County Court
cover sheet stating that this case is a Chester County Court
arbitration case being under $50,000.00.  The complaint states
all damages in complaint that are under $50,000.00.  The amounts
in the wherefore clauses limit the damages to nine thousand and
eighty five dollars under Count I, nine thousand and eighty five
dollars under Count II, nine thousand and eighty five dollars
under Count III, nine thousand and eighty five dollars under
Count IV.

**III  CONCLUSION**

Defendant does not show with any legal certainty or any possibility that the $75,000.00 statutory amount in controversy would be met, and, therefore proper jurisdiction was filed and should be in the Court of Pleas, Chester County, Pennsylvania. Therefore, this Court does not have proper jurisdiction in this action.

Respectfully submitted,

JOHNSTON & ASSOCIATES, P.C.

BY:_____
        MARK E. JOHNSTON, ESQUIRE
        ID NO. 61248
        ATTORNEY FOR PLAINTIFF
        518 Kimberton Road, #301
        Phoenixville, PA 19460
        (610

Date: July 1, 2002

Exhibit "B"